**R.E. LINDER STEEL ERECTION CO., INC.**

v.

**U.S. FIRE INS. CO., et al.**

**Charles E. DIPAULA, et al.**

v.

**MONTAGUE–BETTS CO., INC., et al.**

**Civ. Nos. HM 80–2772, HM 82–2836.**

United States District Court,
D. Maryland.

Dec. 22, 1983.

Thomas C. Beach, III, Clapp, Somerville, Black & Honemann, Baltimore, Md., for

plaintiff, R.E. Linder Steel Erection Co., Inc.

Richard H. Lerch, Lerch & Huesman, Baltimore, Md., for plaintiffs, Charles E. DiPaula, and Stephanie C. DiPaula.

J. Thomas Caskey, Semmes, Bowen & Semmes, Towson, Md., for defendant, U.S. Fire Ins. Co.

James K. Archibald, Venable, Baetjer & Howard, Baltimore, Md., Craig R. Mariger, Jones, Waldo, Holbrook & McDonough, Salt Lake City, Utah, for defendant, Becker, Becker & Pannell, Inc.

Douglas G. Worral, Smith, Somerville & Case, Baltimore, Md., for defendant, Montague-Betts Co., Inc.

James R. Eyler, Miles & Stockbridge, Baltimore, Md., for defendant, Chas. H. Tompkins Co.

H. Emslie Parks, Michael C. Warlow, Wright & Parks, Baltimore, Md., for defendant, Wedemeyer-Cernik-Corrubia, Inc.

## MEMORANDUM AND ORDER

FREDERIC N. SMALKIN, United States Magistrate.

### I.

This case, which has been plagued by an excruciatingly painful discovery history, resulting in the filing of a number of motions to compel, came on for hearing on the latest round of open discovery motions on December 21, 1983.

Two of the open motions are amenable to summary ruling, and the Court rules on them as follows:

1. The motion of defendant Becker, Becker and Pannell to compel production of documents from plaintiff R.E. Linder (previously adjudicated in part by Order dated November 22, 1983), is declared moot as to the remaining issues, in light of the agreement of counsel to furnish the documents sought therein, as stated in open court; and

2. The motion of defendant Becker, Becker and Panell to compel the resumption of the deposition of plaintiff DiPaula is granted in part and denied in part, in that the deposition may be resumed, but interrogation (by the entire pool of defendants) of plaintiff on the liability issue will be limited to one hour in duration. Each party will bear its own costs with regard to this motion. FED.R.CIV.P. 37(a)(4).

### II.

The more vexing question in this case is presented by the motion of defendant Wedemeyer-Cernik-Corrubia, Inc. to limit examination and for sanctions, directed against plaintiff R.E. Linder and its counsel. Both the motion and Linder's response (also requesting sanctions) typify the tenor of discovery so far in this case, particularly as regards depositions. The depositions have been contaminated from start to finish with interrupted questions, *ad hominem* comments, and argumentative colloquy, sometimes running on for pages. The result has been frustration of the goal of expeditious discovery of relevant facts underlying Rules 26 *et seq.* of the Federal Rules of Civil Procedure.

■ The Court is constrained to observe that both sides have engaged in their share of obdurate behavior at deposition taking. Therefore, the Court feels that sanctions should not be imposed on either side for such conduct in the past. However, it will not be tolerated in the future. The Court is determined to bring the conduct of depositions in this case under control.

■ The Court has considered the specific relief requested by defendant Wedemeyer-Cernik-Corrubia, Inc., *i.e.*, that a judicial officer preside at the depositions. Although a good solution in theory, it is simply impractical, in view of the priorities and time pressures facing the judicial officers of this District. However, the Court has fashioned what it believes to be a workable

alternative that should bring the conduct of further deposition discovery in this case under firm control. Depositions should proceed smoothly, and should produce a record as clean as it would be if there were a judicial officer present to control the interrogation of the witnesses. To this end, and pursuant to the authority to fashion appropriate orders governing discovery under Rules 26(c), 30(d) and 37(a), the Court hereby enters the following order, that will govern the conduct of all further depositions in this case, wherever such depositions are taken:

All counsel are limited in their conduct at depositions to: asking questions; introducing and interrogating witnesses with regard to, exhibits; objecting to questions and to introduction of, and interrogation concerning, exhibits; and stating a succinct reason for any objection. Counsel will not interrupt any question with an objection before a question has been completed. For each interruption, counsel shall personally pay, as liquidated attorney's fees and expenses, to the interrogating counsel, the sum of $5.00. Furthermore, any counsel who engages in any argument with other counsel, makes any *ad hominem* comments regarding other counsel or witnesses, or makes other extraneous remarks shall personally pay to all other counsel attending the deposition the sum of $5.00 each, as liquidated attorney's fees and expenses, for each line or part thereof in the transcript, of such argument, comments, or remarks.

It is the intention of the Court that the provision for liquidated sanctions in the above order will cause counsel to conduct the remaining depositions in this case in an expeditious and judicious fashion. Pursuant to FED.R.CIV.P. 37(a)(4), each party will bear its own costs with regard to the expenses of the present motion.

All of the above orders are hereby entered of record, this 21st day of December, 1983.